**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph Ken Cotten, | No. CV-24-08004-PCT-JAT (ASB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Joseph Ken Cotten ("Petitioner"), who is confined in the Arizona State Prison Complex, has filed a *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (Doc. 1).[1] For the reasons that follow, the Court recommends that the Petition be denied and dismissed.

**PROCEDURAL HISTORY**

**I.    State Proceedings**

**A.    Facts**

The Arizona Court of Appeals found the following facts and procedural history as

---

[1]    Citation to the record indicates documents as they are displayed in the District of Arizona's official Court electronic document filing system under Case No. CV-24-08004-PCT-JAT (ASB).

true in Petitioner's CR 2009-01244 case:[2]

> On November 18, 2009, defendant was standing trial in a Mohave County courtroom. During a court recess, after defendant's girlfriend threw something at defendant, a corrections officer told defendant to spit the object out; defendant instead clenched his teeth and jaw. He told the corrections officer he had swallowed it. After the officer walked away, defendant removed the object from his mouth and tried to shove it down his pants.

> Corrections officers searched defendant, but found nothing. Deputy Morrison asked defendant "where the item was at." Defendant responded that he "didn't have it and that he ditched it." After court ended for the day, officers again searched defendant, but found nothing. They placed defendant in a solitary dry cell, where he could not flush any contraband down the toilet. Deputy Director Brown testified he saw defendant sprinkle a substance in the toilet. When officers returned to the cell, they found tobacco in the toilet.

> Defendant was indicted for one count of promoting prison contraband, a class 5 felony. A jury trial ensued. After the State's case-in-chief, defendant moved for a directed verdict pursuant to Rule 20, Arizona Rules of Criminal Procedure. The court denied the motion. The jury found defendant guilty. Before sentencing, defendant stipulated to having two prior felony convictions. The court sentenced defendant to a slightly mitigated consecutive sentence of 4.5 years.

(Doc. 10-1 at 76-77.)

The Arizona Court of Appeals further found the following facts and procedural history as true in Petitioner's CR 2010-00410 case:

> The evidence at trial showed that a police officer found a methamphetamine pipe in Cotten's pocket when the officer

---

[2] The Arizona Court of Appeals' recitation of the facts is presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

2

searched him incident to an arrest for speeding. A Department of Public Safety ("DPS") criminalist testified that the pipe contained .19 grams of methamphetamine, many times the .002 grams she considered a threshold weight for a usable amount, and, in light of this and other criteria, she considered it a "usable quantity." She testified that she viewed the quantity she found in the pipe as "substantial," and explained that she had scraped a "considerable chunk" from inside the bowl. Cotten testified that he did not think there was any methamphetamine left in the pipe, because friends who had smoked methamphetamine in it earlier in the day had planned to throw it away in his kitchen trash can. He testified that he put the pipe in his pocket only because he preferred to dispose of it away from the house, and he had forgotten about it. He admitted, however, that he had used methamphetamine on and off his whole life, had snorted methamphetamine the day of his arrest, and had six prior felony convictions.

(Doc. 10-2 at 38-39.)

### A.    Direct Appeal

#### a.    CR 2009-01244

On February 4, 2011, Petitioner's appellate counsel filed an *Anders*[3] Brief avowing, after she reviewed the record, she was unable to find error or arguable questions of law. (Doc. 10-1, Exh. F.) The Arizona Court of Appeals allowed Petitioner to file a pro se supplemental brief on or before May 17, 2011. (Doc. 10-1, Exh. G.) Petitioner did not file a supplemental brief. (Doc. 10-1, Exh. H.) The Arizona Court of Appeals reviewed the record in Petitioner's case for fundamental error and found none. (*Id*.) The appeals court affirmed Petitioner's conviction and sentence on July 12, 2011. (*Id*.)

Petitioner did not file a motion for reconsideration or a petition for review and the Mandate issued on September 14, 2011. (Doc. 10-1, Exh. I.)

#### b.    CR 2010-00410

On May 4, 2011, following a jury trial, Petitioner was found guilty of possession of

---

[3]    *Anders v. California*, 386 U.S. 738 (1967).

3

dangerous drugs and possession of drug paraphernalia. (Doc. 10-1, Exh. L.) Petitioner stipulated that he was on felony release at the time the offenses occurred and stipulated to an additional two-year prison sentence. (*Id.*) Petitioner was sentenced on June 10, 2011, to an aggregate sentence of nine years' imprisonment to be served consecutively to his previous sentence. (Doc. 10-1, Exh. M.) Following the imposition of Petitioner's sentence, the trial court informed Petitioner of his right to appeal and his right to post-conviction relief proceedings. (Doc. 10-1 at 150.) Petitioner then signed a notice of rights of review and received a copy of that document. (*Id*. at 149; Doc. 10-2, Exh. N.)

On January 17, 2012, counsel for Petitioner filed an opening brief in which she presented three issues:

> I.  Evidence of residue in a methamphetamine pipe was insufficient to support a conviction for possession of dangerous drugs.
>
> II.  The expert was not qualified to render the opinion that the residue in the pipe was a "usable quantity."
>
> III.  The prior historical felony conviction for attempted burglary in California does not qualify as a prior felony conviction in Arizona as a matter of law.

(Doc. 10-2 at 7.)

On June 19, 2012, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 10-2, Exh. P.) Petitioner did not file a motion for reconsideration or a petition for review and the Mandate issued on August 7, 2012. (Doc. 10-2, Exh. Q.)

**B.    Post-Conviction Relief Proceedings**

**a.    CR 2010-00410**

On September 4, 2012, Petitioner filed a notice of post-conviction relief ("PCR"). (Doc. 10-2, Exh. R.) Petitioner was appointed counsel to represent him on PCR, however, on January 8, 2013, that counsel filed a notice of no colorable claims and asked the superior court to allow Petitioner time to file a pro per PCR petition. (Doc. 10-2, Exh. T.) On February 1, 2013, the superior court allowed Petitioner to file a pro per petition within

forty-five days. (Doc. 10-2, Exh. U.) On April 21, 2017, the superior court summarily dismissed Petitioner's PCR notice after finding Petitioner failed to file a PCR petition on his own behalf before the deadline. (Doc. 10-2, Exh. V.) That court additionally reviewed Petitioner's file and found no material issues existed that entitled Petitioner for any kind of relief. (*Id.*)

On March 30, 2023, the superior court filed an order stating it had received correspondence from Petitioner that asked the court to help with what Petitioner believed to be unjust sentences. (Doc. 10-2, Exh. W.) That order stated:

> Mr. Cotten asks the [c]ourt for help with what he believes are unjust sentences. This [c]ourt handled a number of Mr. Cotten's cases several years ago. While the [c]ourt does not recall specific details of the cases, the [c]ourt can state with a degree of certainty that the sentences imposed were lawful. If Mr. Cotten wishes to challenge the sentences, he will need to pursue relief through Rules 32 and/or 33, *Arizona Rules of Criminal Procedure.*

(Doc. 10-2, Exh. W.)

### b.    CR 2009-01244 and CR 2010-00410

On April 19, 2023, Petitioner filed a second notice of post-conviction relief. (Doc. 10-2, Exh. X.) Following, on April 24, 2023, Petitioner filed a Rule 33 PCR petition. (Doc. 10-2, Exh. Y.) On May 25, 2023, the superior court issued an order summarily dismissing Petitioner's PCR notice and petition. (Doc. 10-2, Exh. Z.) In that order, the superior court found all of Petitioner's claims were precluded, as they were either raised, or could have been raised, on direct appeal or in a timely first petition for post-conviction relief. (*Id.*) That court further found Petitioner was not entitled to any relief under A.R.S. § 13-901.01, as his conviction involved the possession of methamphetamine. (*Id.*) On June 2, 2023, the superior court issued another order incorporating its findings and orders from its May 24, 2023 order, after Petitioner filed another PCR petition on May 25, 2023. (Doc. 10-3, Exh. AA.) That court again summarily dismissed Petitioner's PCR petition. (*Id.*)

5

On July 27, 2023, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 10-3, Exh. BB.) In that petition, Petitioner challenged the superior court's June 2023 ruling, requested the court to run his sentences concurrently, and raised concern regarding the prosecutor on his case. (*Id.*) On July 28, 2023, the Arizona Court of Appeals dismissed the petition for review, finding the petition was untimely as it was not filed within thirty days of the superior court's final decision. (Doc. 10-3, Exh. CC.)

## II.      Federal Proceedings

### A.      Petitioner's Habeas Petition

On January 8, 2024, Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On his Petition, Petitioner raised three claims:

> GROUND ONE: The trial court erred and abused its discretion.
>
> GROUND TWO: Trial counsel was ineffective by not objecting.
>
> GROUND THREE: Prosecutorial misconduct.

(Doc. 1.)

Respondents filed a Response, in which they argue Petitioner's habeas Petition is untimely and barred by the statute of limitations. (Doc. 9.) Petitioner filed a Reply, in which he argues his Petition is not untimely because he "sought permission from the state court" and received "permission to file Rules 32 and/or 33." (Doc. 11.)

## ANALYSIS

## I.      Applicable Law

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244.

//

//

6

**A.      Timeliness**

The AEDPA imposes a one-year limitation period on state prisoners filing habeas corpus petitions in federal court. 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the latest of the following:

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**a.      CR 2009-01244**

On July 12, 2011, the appeals court affirmed Petitioner's conviction and sentence. (Doc. 10-1, Exh. H.) Petitioner did not file a motion for reconsideration or a petition for review and the Mandate issued on September 14, 2011. (Doc. 10-1, Exh. I.) Thus, Petitioner's convictions became final for purposes of the AEDPA on August 12, 2011, upon the expiration of his time for seeking review. *See* Ariz. R. Crim. P. 31.21(b)(2) (holding in relevant part, "[a] party must file a petition for review no later than 30 days after the Court of Appeals enters its decision[.]"). The AEDPA's one-year statute of limitations therefore began running on August 13, 2011, and expired one year later on

7

August 13, 2012.[4] Petitioner mailed his Petition on January 8, 2024, more than eleven years after the one-year limitation period had expired. (Doc. 1.)

### b.    CR 2010-00410

On June 19, 2012, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 10-2, Exh. P.) Petitioner did not file a motion for reconsideration or a petition for review and the Mandate issued on August 7, 2012. (Doc. 10-2, Exh. Q.) Thus, Petitioner's convictions became final for purposes of the AEDPA on July 19, 2012, upon the expiration of his time for seeking review. *See* Ariz. R. Crim. P. 31.21(b)(2). The AEDPA's one-year statute of limitations therefore began running on July 20, 2012, and expired one year later on July 20, 2013. *See Patterson*, 251 F.3d at 1246; *see also* Fed. R. Civ. P. 6(a)(1)(A). Petitioner mailed his Petition on January 8, 2024, more than ten years after the one-year limitation period had expired. (Doc. 1.)

In response to the timeliness of the Petition and why the one-year statute of limitations should not bar consideration of his Petition, Petitioner argues he "recently got final response from appeals court in Sept 2023" and he "sought permission from the state court" and received "permission to file Rules 32 and/or 33[.]" (Doc. 1 at 176; Doc. 11 at 1.)

Petitioner's habeas Petition concerning both CR 2009-01244 and CR 2010-00410 is untimely unless equitable or statutory tolling applies.

### B.    Equitable Tolling

The one-year limitation period may be subject to equitable tolling in "appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating "the threshold necessary to trigger equitable tolling [under

---

[4]    For purposes of counting time for a federal statute of limitations, the standards in Federal Rule of Civil Procedure 6(a) apply. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, the one-year statute of limitations began running the day after Petitioner's convictions became final for purposes of the AEDPA. *See* Fed. R. Civ. P. 6(a)(1)(A) ("[E]xclude the day of the event that triggers the period").

AEDPA] is very high."). In the Ninth Circuit, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations and citations omitted). Petitioner bears the burden of establishing that equitable tolling is warranted. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

In regard to the first prong, a petitioner must demonstrate that "he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020). The second prong is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing[.]" *Id*. at 600; *see also Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003) (holding a prisoner must show that the "extraordinary circumstances" were the cause of his untimeliness). In evaluating whether an "extraordinary circumstance" exists, the Court "must decide the issue based on all the circumstances of the case before it." *Smith*, 953 F.3d at 600 (internal quotations and citations omitted). "The grounds for equitable tolling are highly fact-dependent." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1237 (9th Cir. 2013)). Notably, a petitioner's pro se status, ignorance of the law, or lack of legal sophistication does not constitute extraordinary circumstances justifying equitable tolling. *See Rasberry*, 448 F.3d at 1154 (holding a pro se petitioner's ignorance of the law or lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling); *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("We have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.") (internal quotations and citation omitted).

In his Reply, Petitioner argues "equitable tolling is not necessary" because "once judge Williams recommended Cotten pursue rule 32 or 33 to challenge his conviction and sentence Cotten did that and started pursuing his rights diligently, wherefore, Cotten does demonstrate both (1) he meets statute of limitations, and (2) he's been pursuing his right's diligently once judge Rick Williams sent order to him to pursue relief through Rules 32 or 33." (Doc. 11 at 11.) Petitioner appears to contend that, because the superior court judge "granted [him] permission to seek relief under Rule 32 or 33" (*id.*) in March 2023 (Doc. 10-2, Exh. W), and because he then filed a PCR petition on April 24, 2023 (Doc. 10-2, Exh. Y), Petitioner has proven he has been pursuing his rights diligently. However, the record belies that assertion.

As discussed, *supra*, Petitioner did not file a supplemental brief in CR 2009-01244, nor a motion for reconsideration or a petition for review. (Doc. 10-1, Exhs. H, I.) In CR 2010-00410, Petitioner filed a direct appeal on January 17, 2012 (Doc. 10-2 at 7), but after his convictions and sentences were affirmed by the appellate court (Doc. 10-2, Exh. P), Petitioner did not file a motion for reconsideration or a petition for review (Doc. 10-2, Exh. Q). On September 4, 2012, Petitioner filed a notice of PCR in CR 2010-00410. (Doc. 10-2, Exh. R.) Petitioner was appointed counsel, who ultimately filed a notice of no colorable claims and asked the superior court to allow Petitioner additional time to file a pro per PCR petition. (Doc. 10-2, Exh. T.) The superior court gave Petitioner forty-five days to file his PCR petition, to which one was never filed. (Doc. 10-2, Exhs. U, V.) Petitioner took no further action until March 2023. (Doc. 10-2, Exh. W.)

As evidenced, Petitioner was arguably diligent in pursuing his claims until September 2012. However, Petitioner failed to file a pro per PCR petition after being given forty-five days in which to do so by the superior court. Further, Petitioner did not file any other motion or petition in the state courts until April 19, 2023, when he filed a second notice of PCR in cases CR 2009-01244 and CR 2010-00410. (Doc. 10-2, Exh. X.) This was following more than ten years of inactivity by Petitioner in his cases. Petitioner proffers no additional reasoning or evidence to explain his delay in filling or what, if any,

10

extraordinary circumstance prevented him from timely filing, instead, Petitioner argues equitable tolling "is not necessary." (Doc. 11 at 11.) And for reasons explained, *infra*, the Court disagrees with Petitioner's argument that the superior court invited his untimely PCR petition in 2023.

Petitioner has failed to meet his burden and show that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649; *Rasberry*, 448 F.3d at 1153; *Davis*, 953 F.3d at 598-99 (A petitioner must show that "he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court.").

Accordingly, equitable tolling is unavailable to Petitioner.

## C.    Statutory Tolling

The AEDPA also provides for statutory tolling during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

### a.    CR 2009-01244

As to CR 2009-01244, Petitioner's April 2023 PCR petition did not toll the statute of limitations because it was not properly filed due to its untimeliness. *See* 28 U.S.C. § 2244(d)(2) (The AEDPA's one-year limitation period is tolled for the time period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"). Petitioner did not file a notice of post-conviction relief in this case until April 19, 2023 (Doc. 10-2, Exh. X), while Petitioner's convictions became final for purposes of the AEDPA on August 12, 2011, upon the expiration of his time for seeking review, and the one-year statute of limitations expired on August 13, 2012.

Furthermore, on June 16, 2010, Petitioner signed a Notice of Rights of Review After Conviction form that acknowledged Petitioner's right to file a notice of post-conviction relief within ninety days of the entry of judgment and sentence if he did not appeal or within

11

thirty days of the order and mandate affirming the judgment and sentence on direct appeal. (*See* Doc. 10-1, Exh. E.) As discussed, *supra*, Petitioner did not file a PCR notice until April 2023 (Doc. 10-2, Exh. X), after the appeals court affirmed his conviction and sentence on July 12, 2011 (Doc. 10-1, Exh. H). The thirty-day window in which Petitioner had to timely file a notice of PCR had long passed by April 2023. *See* Ariz. R. Crim. P. 32.4(b)(3). When a petition for post-conviction relief is not filed within the state court's time limit, that petition is not considered to be properly filed and the petitioner is not entitled to statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). Moreover, "filing a new petition for post-conviction relief does not hit a reset button on a statute of limitations that has already run before the new petition was filed." *Blackwater v. Ryan*, No. CV-14-01533-PHX-JAT, 2015 WL 4464566 (D. Ariz. July 21, 2015) (citing *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)). Accordingly, statutory tolling is unavailable to Petitioner in CR 2009-01244, as he did not timely file a notice of post-conviction relief in the state court.

### b. CR 2010-00410

As to CR 2010-00410, Petitioner filed a PCR notice on September 4, 2012. (Doc. 10-2, Exh. R.) The one-year statute of limitations began running on July 20, 2012, when Petitioner's convictions became final, until September 4, 2012, when Petitioner filed his PCR notice, for a total of forty-six days. The statute of limitations was then tolled from September 4, 2012, to April 21, 2017, when the superior court dismissed Petitioner's PCR proceedings (Doc. 10-2, Exh. V). Subtracting the forty-six days that had previously run, Petitioner had 319 days from April 21, 2017, in which to timely file a federal habeas petition. That date was March 6, 2018. However, Petitioner did not file the instant Petition until January 8, 2024. (Doc. 1.) Therefore, Petitioner was more than five years late in filing his habeas Petition, despite the statutory tolling.

Petitioner appears to assert he timely filed his April 2023 PCR petition because the superior court judge "granted [him] permission" to file a Rule 32 and/or 33 petition (Doc. 11 at 11) in its March 30, 2023 order (Doc. 10-2, Exh. W). The argument fails. The superior

court's order did not render Petitioner's second PCR notice and petition in 2023 to be timely. Rather, that order addressed a letter it received from Petitioner and stated, "If Mr. Cotten wishes to challenge the sentences, he will need to pursue relief through Rules 32 and/or 33, *Arizona Rules of Criminal Procedure*." (*Id.*) This is further evidenced by the superior court's order summarily dismissing Petitioner's PCR notice and petition. (See Doc. 10-2, Exh. Z.) That court specifically found, "all of the Defendant's claims are precluded. They were either raised, or could have been raised, on direct appeal or in a *timely* first petition for post-conviction relief." (*Id.*) (emphasis added). The superior court's March 2023 order was not inviting Petitioner to initiate PCR proceedings. Indeed, it could not preclude Petitioner from filing a petition, as the court did not know the claims Petitioner wished to raise.

What is more, on June 10, 2011, Petitioner signed a Notice of Rights Review After Conviction form that specifically addressed Petitioner's right to post-conviction relief in CR 2010-00410. (Doc. 10-2, Exh. N.) That notice informed Petitioner he must file a notice of PCR within ninety days of the entry of judgment and sentence if he did not appeal or within thirty days of the order and mandate affirming the judgment and sentence on direct appeal. (*Id.*) This timeframe had long expired by 2023, when Petitioner filed his second notice of PCR in CR 2010-00410 (Doc. 10-2, Exh. X). Based on the foregoing, Petitioner's federal habeas Petition was filed more than five years after the statute of limitations had run, despite the statutory tolling.

### D.     Actual Innocence

A time-barred federal habeas petition may also be considered by this Court if a petitioner can make a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 391-96 (2013) (holding that the "actual innocence gateway" extends to petitions that are time-barred under the AEDPA); *see also Schlup v. Delo*, 513 U.S. 298 (1995) (applying an "actual innocence gateway" to federal habeas procedural bars); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) ("[A] claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may

13

pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits."). Under *Schlup*, a petitioner seeking federal habeas review under the actual innocence gateway must establish his factual innocence and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324.

Petitioner does not claim his innocence; rather, he argues the trial court incorrectly sentenced him (Doc. 1 at 48), his trial attorney was ineffective (*id*. at 49), and the prosecutor committed misconduct (*id*. at 174). In the instant proceeding, Petitioner does not provide the Court with new evidence, let alone new evidence that more likely than not would have prevented a jury from convicting him of the offenses underlying the Petition. *See McQuiggin*, 569 U.S. at 399; *Schlup*, 513 U.S. at 324. Nor does the record otherwise contain such evidence.

Accordingly, Petitioner cannot pass through the actual innocence gateway to excuse the untimeliness of his federal habeas Petition.

## CONCLUSION

The Court concludes Petitioner's habeas Petition was untimely filed and neither equitable tolling, statutory tolling, nor the actual innocence gateway, apply to render the filing of the Petition as timely. The record is sufficiently developed, and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Accordingly,

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

14

to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not shown jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 19th day of July, 2024.

Honorable Alison S. Bachus
United States Magistrate Judge

15