**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Ken Cotten, | No. CV-24-08004-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, Attorney General of the State of Arizona, and Kris Mayes, | |
| Respondents. | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 12 p. 14). The R&R further recommended that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied. (Doc. 12 p. 14-15). Petitioner filed objections to the R&R. (Doc. 13). Respondents filed a Reply to the Objections. (Doc. 14). Petitioner filed a surreply (Doc. 15) which Respondents moved to strike (Doc. 16). Petitioner filed a response to Respondents' motion to strike. (Doc. 17).

**I.   Factual and Procedural Background**

The R&R recounts the factual and procedural background of this case. (Doc 12 p. 2-4). Neither party objects to this recounting. Accordingly, the Court accepts and adopts it.

**II.   R&R Analysis**

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C.

§ 2254 where a petitioner is "a person in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Such petitions are governed by the AEDPA.[1] 28 U.S.C. § 2244. The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. § 2254(a). As relevant here, the statute of limitations period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A)).

On July 19, 2021, the Magistrate Judge issued an R&R recommending that the Petition be denied as barred by the AEDPA's statute of limitations. (Doc. 12 p. 6-15). Examining Petitioner's procedural history in state court, the Magistrate Judge concluded that Petitioner's CR 2009-01244 conviction became final on August 12, 2011, 30 days after the Court of Appeals entered its decision. (Doc. 12 p. 7 (citing Ariz. R. Crim. P. 31.21(b)(2))). Thus, "[t]he ADEPA's one-year statute of limitations [] began running on August 13, 2011, and expired one year later on August 13, 2012." (Doc. 12 p. 7). The Magistrate Judge then concluded that Petitioner's CR 2010-00410 conviction became final on July 19, 2012, 30 days after the Court of Appeals entered its decision. (Doc. 12 p. 8 (citing Ariz. R. Crim. P. 31.21(b)(2))). Thus, "[t]he AEDPA's one-year statute of limitations [] began running on July 20, 2012, and expired one year layer on July 20, 2013." (Doc. 12 p. 8). The Magistrate Judge concluded that "Petitioner's habeas Petition concerning both CR 2009-01244 and CR 2010-00410 is untimely unless equitable or statutory tolling applies." (Doc. 12 p. 8).

Starting with equitable tolling, the Magistrate Judge explained that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, **and** (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (Doc. 12 p. 9 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (emphasis added)). Here, there were more than "ten years of inactivity by Petitioner in his cases." (Doc. 12 p. 10). Petitioner offered "no additional reasoning or evidence to explain

---

[1] The AEDPA applies to cases filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

his delay in filing." (Doc. 12 p. 10). Therefore, the Magistrate Judge determined that Petitioner failed to show that he pursued his rights diligently and failed to show the existence of "extraordinary circumstances" that were the cause of the untimely filing of his federal habeas proceeding. (Doc. 12 p. 10-11).

Turning to statutory tolling, the Magistrate Judge analyzed Petitioner's convictions separately. As to CR 2009-01244, the Magistrate Judge explained that "statutory tolling is unavailable to Petitioner . . . as he did not timely file a notice of post-conviction relief in the state court." (Doc. 12 p. 12). As to CR 2010-00410, the Magistrate Judge concluded that despite statutory tolling, Petitioner's federal habeas petition was still filed "more than five years after the statute of limitations had run." (Doc. 12 p. 13).

Finally, the Magistrate Judge noted that "Petitioner does not claim his innocence" nor does Petitioner "provide the Court with new evidence . . . that more likely than not would have prevented a jury from convicting him of the offenses underlying the Petition." (Doc. 12 p. 14). Thus, the Magistrate Judge concluded that Petitioner "cannot pass through the actual innocence gateway to excuse the untimeliness of his federal habeas Petition." (Doc. 12 p. 14).

Accordingly, because neither statutory nor equitable tolling applied, the Magistrate Judge determined that Petitioner's Petition for Writ of Habeas Corpus filed on January 8, 2024—*years* beyond the limitation period for either conviction—was untimely.

### III. Petitioner's Objections

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[A] party may serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). General, global objections do not trigger de novo review of the entire case. *See Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. Sept. 19, 2013) ("[T]he Court has no obligation to review Petitioner's general objections to the R & R"); *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *Haley v. Stewart*, 2006 WL 1980649, * 2 (D. Ariz. July 11, 2006); *accord Martin v. Ryan*, CV-13-00381-

PHX-ROS, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) (". . . when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it.") (collecting cases). If a proper objection is made, the district judge "must review the magistrate judge's findings and recommendations de novo." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In this case, Petitioner objects to the R&R on multiple grounds. Respondents note that "Cotten's objection is confusing and difficult to read." The Court agrees and does its best to address Petitioner's objections. However, the Court will not address any of Petitioner's general objections or objections that "merely repeat or rehash claims asserted in the petition." *Castillo-Torres v. Shinn*, No. CV-21-00217-TUC-JCH, 2022 WL 326350 at *3 (D. Ariz. Feb. 3, 2022), *motion for relief from judgment denied*, No. CV-21-00217-TUC-JCH, 2022 WL 2788824 (D. Ariz. July 15, 2022)). Additionally, the Court will only consider objections relating to timeliness because "[p]rocedural barriers, such as statutes of limitations . . . operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Therefore, the Court will not consider the merits, or the substance, of Petitioner's arguments relating to due process, equal protection, or cruel and unusual punishment.

**a. Applicable Statute of Limitations**

First, Petitioner objects to the Magistrate Judge imposing a statute of limitations on his Petition because "Arizona's Constitution does <u>not</u> impose time limitations on the Defendant's 'absolute right' to appeal." (Doc. 13 p. 2, 5 (emphasis in original)). Habeas petitions are not governed by the Arizona Constitution; they are governed by the AEDPA, which has a one-year statute of limitations. The AEDPA's statute of limitations is constitutional. *See, e.g., Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (finding one-year limitations period does not violate Article I, § 9, clause 2 of the Constitution (the Suspension Clause)); *see also Delaney v. Matesanz*, 264 F.3d 7 (1st Cir. 2001); *Wyzykowski*

*v. Department of Corrections*, 226 F. 3d 1213 (11th Cir. 2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107 (2d Cir. 2000); *Turner v. Johnson*, 177 F. 3d 390 (5th Cir. 1999); *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998).

Petitioner also argues that the Magistrate Judge should not have imposed a statute of limitations because "the Constitution does not contain a specific statute of limitations period." (Doc. 13 p. 1, 7). It is irrelevant to Petitioner's habeas case whether the Constitution has a statute of limitations because Petitioner is not making a "direct" constitutional claim;[2] he is making a claim for habeas relief that is governed by the AEDPA, which has a one-year statute of limitations. Accordingly, the Magistrate Judge applied the correct statute of limitations to Petitioner's case and this objection is overruled.

### b.  Continuing Violations Doctrine

Next, Petitioner objects to the method the Magistrate Judge used to determine "when a cause of action acc[r]u[]es," citing the "continuing violations doctrine." (Doc. 13 p. 2). Petitioner contends that there is a "continuing violation" "of his constitutional rights" (Doc 13 p. 5) based on his allegedly cruel and unusual sentence (Doc. 13 p. 3-4), alleged violations of due process (Doc. 13 p. 3-4), and alleged violations of equal protection (Doc. 13 p. 5).

The "continuing violation" doctrine is most often associated with Title VII claims. *See generally Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Courts are reluctant to apply the doctrine to habeas proceedings. *See, e.g., Huff v. Ryan*, No. CV 11-0773-TUC-FRZ, 2012 WL 6804101 (D. Ariz. Sept. 12, 2012), *report and recommendation adopted*, No. CV 11-733-TUC-FRZ, 2013 WL 85330 (D. Ariz. Jan. 8, 2013) (rejecting application of continuing violations doctrine to habeas case); *Abraham v. Bd. of Parole & Post Prison Supervision*, No. 3:17-CV-00198-YY, 2018 WL 5269841, at \*4  (D. Or. July

---

[2] "[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] *sole remedy* is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (emphasis added); *see also Thornton v. Brown*, 757 F.3d 834, 842 (9th Cir. 2013) ("[P]risoner may challenge the 'fact' or 'duration' of imprisonment only through a habeas proceeding.").

29, 2018), *report and recommendation adopted*, No. 3:17-CV-00198-YY, 2018 WL 5268607 (D. Or. Oct. 23, 2018) ("[T]his Court could not locate any authority supporting the premise that the 'continuing violations' doctrine applies in the habeas corpus context. To the contrary, courts that have considered such an argument have routinely rejected it."). Accordingly, this Court will not apply the continuing violation doctrine to Petitioner's claim and this objection is overruled.

### c. Equitable Tolling

Petitioner then argues that equitable tolling applies because "he has been purs[u]ing his rights diligently" and that he "satisfies both prongs of *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006)." (Doc. 13 p. 5). The two prongs referenced in *Rasberry* are (1) a diligent pursuit of rights, and (2) an extraordinary circumstance in the way. *Rasberry*, 448 F.3d at 1153.

As to the first prong, the Magistrate Judge was extensive in her review of the record, concluding that while "Petitioner was arguably diligent in pursuing his claims until September 2012," there were "ten years of inactivity by Petitioner in his cases" from September 2012 to April 2023. (Doc. 12 p. 10-11). In his objections, Petitioner actually admits that "yes for many years [the] case remained inactive" because "he wanted to knock out the longest of sentences before he resume[d] appeals." (Doc. 13 p. 6). He further explains that the reason he did not file for relief after 2012 was because "he doesn't know how pro per, and recently in March of 2023 he found someone he trusts with his freedom to try and help him seek relief." (Doc. 13 p. 6). Petitioner's explanations and alleged diligence in pursuing his claims "with the motions dated starting from March 2023 on forward"[3] are simply irrelevant; the fact remains that there were *ten years* of inactivity and Petitioner cannot meet the first prong of the test. (Doc. 13 p. 6). Accordingly, the Court agrees with the Magistrate Judge and Respondents that Petitioner is not entitled to equitable tolling. This objection is overruled.

---

[3] The Court, like the Magistrate Judge, "disagrees with Petitioner's argument that the superior court invited his untimely PCR petition in 2023." (Doc. 12 p. 11-13).

- 6 -

### d. Post-Conviction Relief Deadline

Petitioner finally contends that "[t]here is a question of w[h]ether Rule 32.4(a) is constitutional, since the ninety day time limitation was enacted by state statute . . . [a]nd not by the Arizona Supreme Court itself." (Doc. 13 p. 7); *see* Ariz. R. Crim. P. 32.4(b)(3)(A) (setting time limits for filing Notice for Post-Conviction Relief). Petitioner does not include any other support for this claim.

Generally, alleged errors of state law are not cognizable on habeas. *See Cooper v. Neven*, 641 F.3d 322, 331-32 (9th Cir. 2011) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."). "When the state law error rises to the level of a due process violation, however, federal habeas review is available." *Smith v. Ryan*, 823 F.3d 1270, 1282 (9th Cir. 2016) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

In his objections, while he does refer to due process elsewhere, Petitioner has not alleged that *this* state law issue rises to the level of a due process violation. Therefore, this objection falls within the general rule that this Court will not consider errors of state law as a basis for habeas relief. Accordingly, this objection is overruled.

### IV. Motion to Strike

Petitioner filed a reply to Respondents' reply to Petitioner's objections. (Doc. 15). However, a reply to the reply is not permitted under the Rules. *See* Fed. R. Civ. P. 7, 72(b)(2); LRCiv. P. 7.2. Respondents moved to strike Petitioner's reply because it is an impermissible surreply. (Doc. 16). While Respondents are correct that procedurally a surreply is not permitted, the Court nonetheless considered the surreply and it did not change the outcome of this case. As a result, the motion to strike will be denied.

### V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Strike (Doc. 16) the surreply (Doc. 15) is denied.

**IT IS FURTHER ORDERED** that the Report & Recommendation (Doc. 12) is

accepted and adopted; the objections (Doc. 13) are overruled. The Petition in this case is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied. Dismissal of this Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 18th day of September, 2024.

James A. Teilborg
Senior United States District Judge